UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NATIONAL WILDLIFE REFUGE ASSOCIATION, et al., <br> Plaintiffs, <br> v. <br> RURAL UTILITIES SERVICE, et al., <br> Federal Defendants, <br> AMERICAN TRANSMISSION COMPANY, LLC, et al., <br> Intervenor-Defendants. | No. 3:21-cv-00096-wmc <br><br> Consolidated with No. 3:21-cv-000306-wmc |
| NATIONAL WILDLIFE REFUGE ASSOCIATION, et al., <br> Plaintiffs, <br> v. <br> UNITED STATES ARMY CORPS OF ENGINEERS, et al., <br> Federal Defendants, <br> AMERICAN TRANSMISSION COMPANY, LLC, et al., <br> Intervenor-Defendants. | |

**CO-OWNERS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

Intervenor-Defendants, American Transmission Company LLC and ATC Management Inc., ITC Midwest LLC, and Dairyland Power Cooperative ("Co-owners"), oppose Plaintiffs' Motion for Leave to File Reply in Support of their Motion for Preliminary Injunction, ECF No. 146 (and attachments) (Plaintiffs' "Reply") and the accompanying Declarations of Jon Wellinghoff, Roa Konidena, and Aaron Rothschild (collectively, the "Declarations").[1] ECF Nos. 142–145.

---

[1] Co-owners note that Plaintiffs failed to include the Declarations in their Motion for Leave to File even though they, too, were not timely filed. The Declarations appear to have been filed in support of the proposed Reply as Plaintiffs cite to and rely on them in their filing, so Co-owners assume that this was an oversight by Plaintiffs. If not, the Declarations should be struck as untimely.

1

The proposed Reply and the accompanying Declarations fail to conform to the procedure set forth by this Court for motions for injunctive relief. Plaintiffs make no showing sufficient to depart from the Court's regular procedures to indulge untimely and unreliable submissions.

## BACKGROUND

Undeterred by their defeat in yesterday's decision by the U.S. Court of Appeals for the Seventh Circuit in *Driftless Area Land Conservancy v. Valcq.*, --- F.4th ---, 2021 WL 4901865 (7th Cir. Oct. 21, 2021), Plaintiffs are doubling-down on their effort to induce this Court to perform the functions of state utility regulators and regional grid planners. They ask the Court to waive its procedural rules so they can submit a tranche of documents that do little more than rehash arguments expert state and regional agencies have already rejected and make conclusory, unsupported assertions about how to solve the nation's energy and climate challenges—as if those matters were the province of the federal courts or at issue in this APA record-review case.

Construction of the Cardinal-Hickory Creek project has been underway since last winter, with towers rising since last spring. Plaintiffs have been aware since at least April 2018 that construction in Wisconsin was expected to commence in October 2021. *See* ROD015901 (noting an October 2021 construction start date for the transmission line in Wisconsin); *see also* ECF No. 40 at 2 (Preliminary Pretrial Conference Report, May 14, 2021) ("The Intervenor-Defendants have already begun constructing the transmission line in Iowa and plan to commence construction in Wisconsin in October or November of this year."). On September 24, 2021, Co-owners filed a notice to Plaintiffs that construction in Wisconsin was expected to begin on October 25, 2021. ECF No. 96. After a two-week delay, Plaintiffs filed for a Motion for a Preliminary Injunction on October 8, 2021. ECF No. 97. In conjunction with the Motion for Preliminary Injunction, Plaintiffs also filed an 89-page memorandum of law in support, a 214-paragraph statement of proposed facts, and five supporting declarations. ECF Nos. 98–104. In response to Plaintiffs' request for an "expedited briefing schedule," ECF No. 97 at 2,

this Court set a hearing for October 22 and gave Defendants and Intervenor-Defendants until October 19, 2021 to respond. ECF No. 108. The Court did not provide for a reply of any kind. *Id*. Nonetheless, despite having at least five months to prepare their arguments, Plaintiffs filed an additional flurry of declarations and exhibits on the eve of today's hearing, giving the Court no reasonable time to review and Defendants and Intervenor-Defendants no adequate time to review or respond. ECF Nos. 140, 142–146-6.[2]

## ARGUMENT

### A. This Court should deny Plaintiffs' motion to file their reply and associated Declarations for failure to follow the Court's local rules and procedures.

Plaintiffs' Reply and associated Declarations fail to conform to the procedure set by this Court for motions for injunctive relief. This Court's Procedure to be followed on Motions for Injunctive Relief is clear that "[t]here shall be *no* reply by the movant." U.S. District Court for the Western District of Wisconsin Procedure to be followed on Motions for Injunctive Relief at III.C (emphasis added). In keeping with the local rules, this Court did not include a Reply in the October 12 Order. ECF No. 108. Nonetheless, the night before the hearing, Plaintiffs filed the proposed Reply along with six exhibits and three accompanying Declarations totaling an additional 103 pages for the Court to review, on top of the hundreds of pages that have already been filed in connection with this motion for preliminary injunction.

Plaintiffs had ample time to make their arguments and file their Declarations in conjunction with their initial motion filed on October 8. Plaintiffs make no showing of exceptional circumstances that would justify departure from standard process. This is especially egregious considering it was

---

[2] From this perspective, Plaintiffs' attempt to justify their reply brief on the grounds that the Co-owners filed on Tuesday "136 additional pages" raising "new arguments and factual assertions" rings hollow. *See* ECF No. 146, at 1. The Co-owners made their filing in accordance with the briefing the Court set on the Plaintiffs' "emergency" motion for a preliminary injunction and the Federal Defendants' motion for consolidation. *See* ECF No. 82. Plaintiffs can hardly complain about the timing or extent of the Co-owners' submissions given the belated nature and volume of their own filings and the fact that they themselves requested an "expedited briefing schedule" to resolve their motion before October 25, 2021. ECF No. 97 at 2.

Plaintiffs who requested that the Court "set an expedited briefing schedule" yet now seem unable to comply with the compressed schedule they requested. ECF No. 97 at 2. This Court should deny Plaintiffs' motion to file their Reply and associated Declarations for failure to timely file and comply with this Court's local rules and procedures.

### B. Plaintiffs' Wellinghoff Declaration is unreliable and should be disregarded by this Court as such.

The declarations and exhibits presented by Plaintiffs are essentially snapshots of arguments the Plaintiffs made (unsuccessfully) before the Public Service Commission of Wisconsin ("Commission"), when it was considering the Co-owners application for a Certificate of Public Convenience and Necessity for the Cardinal-Hickory Creek Project. Plaintiffs would have the Court revisit and second-guess the Commission's decision to approve the Project in accordance with long-standing plans of the regional grid operator, MISO. And they ask the Court to do so years after the decisions were made, and months after project construction began. Plaintiffs bear an extraordinary burden in asking this Court to take on the role of regional grid planner or state utility commission. The evidence necessary to support that proposition would have to be compelling.

The Declaration of Jon Wellinghoff, filed on October 20, 2021 (the "Wellinghoff Declaration") stands as a warning to this Court to steer clear. The Declaration is unreliable and was shown to be so in the state proceedings. ECF No. 142. Mr. Wellinghoff was paid to testify on behalf of the Driftless Area Land Conservancy and the Wisconsin Wildlife Federation before the Public Service Commission of Wisconsin in 2019. *See* Exhibit A, Transcript of Proceedings at 1837-1891. In his testimony, he criticized the MVP Portfolio and the Cardinal-Hickory Creek transmission line. *See id*. What Mr. Wellinghoff fails to mention is that he was instrumental in approving MISO's cost allocation proposal for the MVP projects during his tenure at the Federal Energy Regulatory Commission. Ten years ago, in response to an op-ed from the Wall Street Journal arguing against the MVP portfolio, Mr. Wellinghoff stated that "investment in transmission promotes efficient and competitive electricity

4

markets, which hold down prices for consumers. Transmission investment also enhances reliability and allows access to new energy resources." *See* Exhibit B. In the letter, Mr. Wellinghoff goes on to praise the MVP portfolio, which includes the Cardinal-Hickory Creek transmission line. *Id.* Given Mr. Wellinghoff's prior inconsistent statements regarding the MVP Portfolio, it is clear that Mr. Wellinghoff is an unreliable witness when it comes to the MVP Portfolio.

Plaintiffs have offered the Court no reason to depart from its standard briefing process. Moreover, the evidence they offer should be seen as a caution to refrain from allowing this federal APA record review case to be transformed into a de-facto appeal of the Wisconsin Public Service Commission's decision to grant a certificate for construction and operation of the Wisconsin portion of the Cardinal-Hickory Creek project.

## CONCLUSION

For the foregoing reasons, Co-owners request that this Court deny Plaintiffs' Motion for Leave to File Reply in Support of their Motion for Preliminary Injunction by Plaintiffs and the accompanying Declarations of Jon Wellinghoff, Roa Konidena, and Aaron Rothschild.

DATED: October 22, 2021

Respectfully submitted,

*s/ Thomas C. Jensen*
Thomas C. Jensen
Edward A. Boling
Stacey Bosshardt
**PERKINS COIE LLP**
700 Thirteenth St. NW Suite 800
Washington, D.C. 20005-3960
Tel: (202) 654-6200
Fax: (202) 654-6210
TJensen@perkinscoie.com
TedBoling@perkinscoie.com
SBosshardt@perkinscoie.com

*Attorneys for Intervenor-Defendants American Transmission Company LLC by its corporate manager, ATC Management Inc.,*

*ITC Midwest LLC and Dairyland Power Cooperative.*

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2021, I electronically filed the foregoing document with the Clerk of Court using the Court's ECF system, which will serve the document on all counsel of record registered for electronic filing in the above-captioned proceeding.

Dated: October 22, 2021

                                                */s/ Thomas C. Jensen*
                                                Thomas C. Jensen