PerkinsCoie

700 13th Street, NW
Suite 800
Washington, D.C. 20005-3960

T  +1.202.654.6200
F  +1.202.654.6211
PerkinsCoie.com

February 15, 2022

Thomas C. Jensen
TJensen@perkinscoie.com
D.  +1.202.654.1718
F.  +1.202.624.9599

**VIA ECF**

The Honorable William M. Conley
U.S. District Court
Western District of Wisconsin
120 North Henry Street
Madison, WI 53703

**Re:**   *Nat'l Wildlife Refuge Ass'n, et al. v. Rural Utilities Service, et al.,* **Case Nos. 21-cv-00096-wmc & 21-cv-00306-wmc (consolidated)**

Dear Judge Conley:

I am writing on behalf of the Intervenor-Defendant Co-owners of the Cardinal-Hickory Creek 345-kV Transmission Line Project (the "Project"), American Transmission Company LLC, by its corporate manager ATC Management Inc., ITC Midwest LLC, and Dairyland Power Cooperative (collectively, the "Co-owners"), to notify the Court about information that may be relevant to the final judgment the Court enters following its opinion and order on summary judgment in the above-captioned consolidated cases *See* ECF No. 175.

The Plaintiffs' remedy brief asked the Court to issue an order "[e]njoining the [Co-owners] from engaging in any further construction of any portion of the CHC transmission line described in the Defendant federal agencies' Record of Decision." ECF No. 178 at 34. This letter is prompted by the omission from the Plaintiffs' brief of information regarding complexities inherently associated with the remedy they are seeking from the Court.

The Co-owners' remedy brief explains why this Court does not have jurisdiction to issue such an injunction, *see* ECF No. 191 at 9–29, and the Co-owners will not repeat those arguments here. This letter is not and should not be construed as a concession that any such relief would be lawful or appropriate. The purpose of this letter is to provide the Court with information regarding construction of the Cardinal-Hickory Creek project and key considerations associated with the Plaintiffs' sweeping request to stop further construction of this major regional energy infrastructure project.

The Co-owners are constructing the Project in various segments located in Iowa and Wisconsin. Construction generally follows the same sequence in each segment, but the extent of progress toward completion varies by segment. Across the Project's 101-mile corridor, work underway now includes vegetation clearing, mat laying, soil grading and stabilization, foundation excavation,

The Honorable William M. Conley
February 15, 2022
Page 2

tower erection and conductor stringing, substation upgrades, and various actions needed to modify existing transmission and distribution features. In some locations, the work involves temporarily removing equipment and facilities from service on schedules coordinated with electrical system operators to avoid disruptions in service or other reliability and safety problems. The specific work underway at any location is changing on a day-to-day basis as tasks are completed and crews moved.

The different kinds of work underway and the varied and changing circumstances of the different segments mean that stopping "further construction of any portion of the CHC transmission line described in the Defendant federal agencies' Record of Decision," as requested by the Plaintiffs, will necessarily involve an array of actions over time and geography, not a simple, quick, unitary act. Any order from this Court should anticipate that construction will be wound down in a manner that protects human safety, personal and real property, environmental resources, and reliable operation of the electrical system. The Co-owners will continue to comply with various state and federal permits and regulations, most of which relate to protection of human safety and the environment. For example, the Co-owners may need to complete the removal of trees that are partially cut and remove downed vegetation from rights-of-way to facilitate landowner access to property, prevent safety hazards, and avoid impacts to protected species. The Co-owners will continue to implement erosion control measures to protect waterways and comply with state permits. The Co-owners must complete work on facilities and equipment that are out of service now but are needed soon for normal operation of the electrical system.

The Plaintiffs' proposed remedy cannot be evaluated in the incomplete form presented to the Court. The Co-owners respectfully submit that the Plaintiffs' proposal should not be considered by the Court in isolation from the legal constraints described in the Co-owners' remedy brief and application of the common-sense premise that, if ordered to stop construction, the Co-owners will, and properly should be expected to, act in a way that continues to maintain public safety, protect the environment and property, comply with applicable permits and approvals, and safeguard the electric system.

Sincerely,

Thomas C. Jensen

*Attorney for Intervenor-Defendants*

cc:     All counsel of record (via ECF)

Perkins Coie LLP
155892083.3

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2022, I electronically filed the foregoing document with the Clerk of Court using the Court's ECF system, which will serve the document on all counsel of record registered for electronic filing in the above-captioned proceeding.

Dated: February 15, 2022

                                                                        */s/ Thomas C. Jensen*
                                                                         Thomas C. Jensen