# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

NATIONAL WILDLIFE REFUGE ASSOCIATION,
DRIFTLESS AREA LAND CONSERVANCY,
WISCONSIN WILDLIFE FEDERATION, AND
DEFENDERS OF WILDLIFE

    Plaintiffs,

        v.

        Nos.   21-cv-00096-wmc

        &   21-cv-00306-wmc

RURAL UTILITIES SERVICE,        Consolidated
CHRISTOPHER MCLEAN, Acting Administrator,
Rural Utilities Service,
UNITED STATES FISH AND WILDLIFE SERVICE,
CHARLES WOOLEY, Midwest Regional Director,
AND SABRINA CHANDLER, Manager, Upper
Mississippi River National Wildlife And Fish Refuge,
UNITED STATES ARMY CORPS OF ENGINEERS,
LIEUTENANT GENERAL SCOTT A. SPELLMON,
Chief Of Engineers And Commanding General, U.S.
Army Corps Of Engineers, COLONEL STEVEN
SATTINGER, Commander And District Engineer,
Rock Island District, U.S. Army Corps Of Engineers,
and COLONEL KARL JANSEN, Commander and District
Engineer, St. Paul District, U.S. Army Corps Of Engineers,

    Defendants,

        and

AMERICAN TRANSMISSION COMPANY, LLC,
DAIRYLAND POWER COOPERATIVE, & ITC
MIDWEST LLC,

    Intervenor-Defendants.

## AMICUS BRIEF OF IOWA COUNTY, WISCONSIN SUPPORTING MOTION OF PLAINTIFFS DRIFTLESS AREA LAND CONSERVANCY, ET AL. FOR AN INJUNCTION

Frank Jablonski
Progressive Law Group LLC
354 W. Main Street
Madison, WI 53703
P: (608) 258-8511
F: (608) 442-9494
frankj@progressivelaw.com

Carlos Pabellon
Deputy Corporation Counsel
210 Martin Luther King Jr. Blvd., Rm419
Madison, WI 53703
P: (608) 266-4355
F: (608) 267-1556
Pabellon@countyofdane.com

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................... i

TABLE OF AUTHORITIES .......................................................... ii

STATEMENT OF AMICI CURIAE ............................................. 1

STATEMENT ON AUTHORSHIP AND SUPPORT .................................. 1

ARGUMENT ................................................................................ 2

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Griswold v. Connecticut,*
381 U.S. 479 (1965)) .................................................................................5

*Moore v. City of East Cleveland,*
431 U.W. 494 (1977) .................................................................................5

*Palko v. Connecticut,*
302 U.S. 319 (1937) .................................................................................5

## STATE CASES

*Schumm v. Milwaukee Cty.,*
258 Wis. 256, 45 N.W.2d 673 (1951) .....................................................5

## CONSTITUTIONAL PROVISIONS

US Const. Amend V ...................................................................................4

Wis. Const., Art. I, Sec, 13 .......................................................................4

## STATEMENT OF AMICI CURIAE

Proposed Amici Iowa County and Dane County are bodies corporate under Wis. Stat. § 59.01 and parties to Dane County, Wisconsin, Case No. 19-CV-3418, *County of Dane, et. al. v. Public Service Commission of Wisconsin, et. al.* (State Case) in which the Counties and other Parties, including the Plaintiffs in this matter (the Conservation Groups) and the Intervener-Defendants (Utilities).  The State Case involves an appeal of an administrative decision of the Public Service Commission of Wisconsin (PSC) granting a Wis. Stat. § 196.491(3)(d)3 Certificate under which the Intervener Defendants-Appellants-Cross Appellees in this case (Utilities) are constructing the transmission line in Wisconsin up to the boundary of the Upper Mississippi River National Wildlife and Fish Refuge.

## STATEMENT ON AUTHORSHIP AND SUPPORT

No party's counsel authored this brief in whole or in part.  No party or party's counsel contributed money that was intended to fund preparing or submitting this brief or any part of the associated filing.  The proposed amici do not have members.  No person other than the amici curiae, or their counsel, contributed money or anything of value that was intended to fund or support preparing or submitting this brief or any part of the associated filing.

## ARGUMENT

The Appellants lost the key issues before this Court.  This court has not deemed them likely to succeed on appeal.  Nonetheless, the Intervener Defendants (the Utilities) continue to build the project and spend money that others – utility ratepayers – will have to reimburse. And they continue to take and destroy private property using the extraordinary power of eminent domain.

The Utilities' aim appears to be to overrun orderly legal processes and vaporize other parties' rights by creating "facts on the ground" that will make it hard to deny them what they want.  Discussing the Utilities strategy, this Court noted the Utilities to be "making entry of a permanent injunction later all the more costly, not just to the Utilities and their ratepayers, but to the environment they are altering on an ongoing basis." Dkt. 175, p. 13.

After imposing harm that *no court decision – there are now three –* has deemed legally warranted, Utilities will have arranged "facts on the ground" to their preference.  They will then argue that any alternative other than giving them the rest of what they want will cause more harm than just giving in to them.   Their strategy thus seems to make a mockery of court decisions, of other parties' due process rights, and of the constitutionally protected rights of landowners.  It is on this last element – the constitutionally protected rights of affected landowners – that this Brief asks the Court's carefully consider. The

Utilities are arranging the "facts on the ground" by exercising the extraordinary power of eminent domain. No court has deemed the associated "takings" warranted, and two have deemed them unwarranted.

This Court accurately characterized the Utilities' strategy:

> "… the Utilities are pushing forward with construction on either side of the Refuge, even without an approved path through the Refuge, in order to make any subsequent challenge to a Refuge crossing extremely prejudicial to their sunk investment, which will fall on their ratepayers regardless of completion of the CHC project, along with a  guaranteed return on the Utilities' investment in the project.   Dkt. 175, p. 13.

The Citizens Utility Board of Wisconsin also understands the Utilities' strategy, having attached Dkt. 175 in this case to a letter to the Public Service Commission of Wisconsin indicating:

> Each day that the Utilities continue with construction is a day they are knowingly and intentionally spending Wisconsin customer dollars not just imprudently, but recklessly.
>
> Link to agency website:
>
> https://apps.psc.wi.gov/ERF/ERFview/viewdoc.aspx?docid=434301

In sum, the circumstance is this: two courts have now issued an injunction – this Court, on substantive issues, including, e.g., the sufficiency of the Environmental Impact Statement – and the state Circuit Court in the State

Case,[1] on procedural irregularities in the administrative proceeding. (Amici App'x p. 3 [PDF:5]). In addition, the Seventh Circuit Court of Appeals, denied the Utilities' motion for a stay, revealing that the Utilities are not likely to succeed on appeal. But the Utilities continue construction anyway.

The Counties, in the public interest of their residents, ask this Court, as it considers the Conservation Groups' request, to exercise due regard for landowners whose properties are being taken and damaged. Photos in the Court's records show some of the kinds of damage transmission construction requires. If the court gives due regard to the landowners' rights, it will also be addressing both the Counties' interests in avoiding the hazards of construction and the visual amenities and environmental quality that add so much to Southwest Wisconsin, and ratepayers' interests in not having to cover the Utilities' misspent funds.

Private landowners have rights of constitutional dimension[2] at issue. Given the substantive and procedural decisions issued by reviewing courts, burdening those rights is not justified. The essence of property rights is the exclusive power to use, enjoy and control – to exercise *dominion* over – property.

---

[1] Dane County, Wisconsin, Case No. 19-CV-3418, *County of Dane, et. al. v. Public Service Commission of Wisconsin, et. al.* (State Case).
[2] Wis. Const., Art. I, Sec, 13; US Const. Amend V.

Property owners' land rights are part of our nation's framework of "ordered liberty" *Griswold v. Connecticut,* 381 U.S. 479, 481 (1965) (Harlan, J., concurring) *(quoting Palko v. Connecticut,* 302 U.S. 319, 325 (1937) (Cardozo, J.)) and are "deeply rooted in this Nation's history and tradition." *Moore v. City of East Cleveland*, 431 U.W. 494, 503 (1977). The importance of control over home property, for example, prompted the founders to include the Third Amendment in the U.S. Constitution, which basically said "leave us alone at home." Fundamental notions of personal liberty require that intrusions be avoided or minimized. *Griswold* at 484 (1965).

Landowners' "property rights" are not mere abstractions. Property does not have rights. People have rights in property. Eminent domain involves raw exercise of power to take those rights away from people against their will. It is a "harsh" power. The compensation that is constitutionally required does not address the array of impacts experienced by landowners. Accordingly, use of eminent domain power should be limited:

> "The right to condemn is an attribute of sovereignty and is often indispensable for the common good but it is, nevertheless, so harsh a right that even the sovereign may not exercise it unless the public purpose is clear and the public use, for which the private owner is to be compelled to surrender his property, is assured." *Schumm v. Milwaukee Cty.*, 258 Wis. 256, 261, 45 N.W.2d 673, 676 (1951).

The injunction issued in state court and the Final Decision and injunction issued by this Court make clear that neither the "public purpose" nor the

5

"public use" here is "assured."   Three decisions have either deemed injunctions warranted or deemed the Utilities unlikely to succeed on appeal.

The landowners, under the extraordinary power of eminent domain, are consequently being forced to bear a burden *that multiple courts have deemed unwarranted and that no court has deemed warranted*.

Yet the Utilities plow ahead.  This Court should stop them.  The sooner the better.

Respectfully submitted this 3rd day of June, 2022.

<u>/s *Frank Jablonski*</u>
Frank Jablonski
Wisconsin State Bar No. 1000174

<u>/s *Carlos Pabellon*</u>
Carlos Pabellon
Wisconsin State Bar No. 1046945

Attorneys for Amici Curiae

| | |
|---|---|
| Progressive Law Group LLC | Deputy Corporation Counsel |
| 354 W. Main Street | 210 Martin Luther King Jr. Blvd., Rm 419 |
| Madison, WI 53703 | Madison, WI 53703 |
| P: (608) 258-8511 | P: (608) 266-4355 |
| F: (608) 442-9494 | F: (608) 267-1556 |
| frankj@progressivelaw.com | Pabellon@countyofdane.com |

## CERTIFICATE OF SERVICE

I certify that on June 3, 2022, I electronically filed this document, AMICUS BRIEF OF IOWA COUNTY, WISCONSIN SUPPORT-ING MOTION OF PLAINTIFFS DRIFTLESS AREA LAND CONSERV-ANCY, ET AL. MOTION FOR AN INJUNCTION, with the Federal District Court for the Western District of Wisconsin by using the CM/ECF system. The brief's associated Motion and Appendix were filed at the same time, accomplishing service through the Court's notification system.  I further certify that I provided counsel of record for the parties to this action a copy of the electronic filing by sending it electronically to their email addresses.

Dated: June 3, 2022

s/ Frank Jablonski

Frank Jablonski

7