Case: 3:21-cv-00306-wmc Document #: 199-2 Filed: 06/03/22 Page 1 of 7

Case 2019CV003418    Document 128    Filed 10-26-2021    Page 1 of 2

FILED
10-26-2021
CIRCUIT COURT
DANE COUNTY, WI
2019CV003418

DATE SIGNED: October 25, 2021

Electronically signed by Jacob B. Frost
Circuit Court Judge

STATE OF WISCONSIN     CIRCUIT COURT     DANE COUNTY / BRANCH 9

*For official use*

County of Dane,
Driftless Area Land Conservancy,
Wisconsin Wildlife Federation,
Iowa County,
Town of Wyoming,
Village of Montfort,

        Petitioners,

Chris Klopp,
Gloria and LeRoy Belkin,
S.O.U.L. of Wisconsin,

        Intervenor-Petitioners,

v.

Public Service Commission of Wisconsin,

        Respondent,

American Transmission Company, LLC,
ITC Midwest, LLC,
Dairyland Power Cooperative,
Midcontinent Independent System Operator, Inc.,
Clean Grid Alliance,
Fresh Energy,
Minnesota Center for Environmental Advocacy,

        Intervenor-Respondents.

Case No. 19-CV-3418

**ORDER GRANTING EMERGENCY MOTION FOR TEMPORARY INJUNCTION**

       For the reasons stated at the October 18, 2021 motion hearing, IT IS HEREBY ORDERED that Petitioners Driftless Area Land Conservancy and Wisconsin Wildlife Federation's October 8, 2021 Emergency Motion for Temporary Injunction, which was supported by Petitioners Dane

County, Iowa County, Village of Montfort, Town of Wyoming, and Intervenor-Petitioners Chris Klopp and S.O.U.L. of Wisconsin, is GRANTED. Petitioners have met the standards for a temporary injunction by demonstrating a reasonable likelihood of success on the merits of their bias claims, showing irreparable injury, that there is no adequate remedy at law, and that the public interest weighs in Petitioners' favor. The bond amount required by Wis. Stat. § 196.43 is set at $32,000,000 and requires two sureties. Intervenor-Respondents American Transmission Company, LLC, ITC Midwest, LLC, and Dairyland Power Cooperative shall be enjoined from commencing construction of the Cardinal-Hickory Creek Transmission Line upon Petitioners providing the required undertakings in the amount above.

    **IT IS SO ORDERED**

FILED
11-09-2021
CIRCUIT COURT
DANE COUNTY, WI
2019CV003418

**BY THE COURT:**

**DATE SIGNED: November 8, 2021**

<u>Electronically signed by Jacob B. Frost</u>
Circuit Court Judge

| STATE OF WISCONSIN | CIRCUIT COURT BRANCH 9 | DANE COUNTY |

County of Dane et al,

    Plaintiff,

v.            19CV3418

Public Service Commission of WI et al,

    Defendant.

### DECISION AND ORDER

This case holds a unique and complex procedural posture. What began as an arguably run-of-the-mill review of a PSC decision to issue a CPCN became extraordinary when Petitioners established an initial right to pursue discovery regarding whether PSC Commissioner Huebsch acted in a way that created an unconstitutional risk of the appearance of bias. After this potential procedural defect came to light, I separated review of the merits of the PSC decision and temporarily stayed that issue to first address the alleged procedural irregularities. After discovery on the procedural irregularities nearly concluded and a hearing was scheduled to take evidence on this issue a few weeks later, the Wisconsin Supreme Court accepted former Commissioner Huebsch's request for interlocutory review of a variety of my decisions. That interlocutory appeal remains pending.

The Supreme Court's taking review indisputably halts this Court from taking further action on review of procedural irregularities before the PSC. However, initially after the Supreme Court granted interlocutory review, the parties unanimously requested/agreed I should resume review of the merits of the PSC decision. Thus, I scheduled oral arguments on the merits. At a further hearing, Petitioners indicated their intent to argue on the merits review that the existence of possible procedural

1

irregularity affects the standard of review I apply to the PSC's decision on the merits.

In briefing relating to a motion seeking relief pending appeal, the PSC raised for the first time the question whether I hold competency to conduct further proceedings of substance now that the Supreme Court has the record in this case. I requested, received and reviewed further briefing on that issue.

### I. THE COURT LACKS COMPETENCY TO PROCEED ON THE MERITS WHILE THE SUPREME COURT HOLDS THE RECORD.

After review of the briefs, I agree with the PSC and the Co-Owners that I lack competency to conduct the merits review or engage in further proceedings of substance until the Supreme Court returns the record to this Court. The Wisconsin Supreme Court explained:

> Once a Notice of Appeal has been filed with the circuit court and the record has been transmitted to the court of appeals, a circuit court's authority is limited. Wis. Stat. § 808.075(3) (a circuit court "retains the power to act on all issues until the record has been transmitted to the court of appeals"). "An appeal from a judgment or order strips the trial court of jurisdiction with respect to the subject matter of the judgment or order, except in certain unsubstantial and trivial matters," unless explicit contrary authority is noted in the statutes. *See In re Estate of Mayer,* 29 Wis. 2d 497, 505, 139 N.W.2d 111 (1966).

*Madison Teachers, Inc. v. Walker,* 2013 WI 91, ¶18, 351 Wis. 2d 237, 839 N.W.2d 388. Nobody asserts that Wis. Stat. §808.075 specifically authorizes me to continue review of the merits of the PSC decision. It does not. The statute and the Supreme Court's instructions are clear. Once the record left the Dane County Circuit Court and arrived in the Supreme Court's capable hands, Branch 9 lost competency to act "except in certain unsubstantial and trivial matters." *Id.* The merits review of the PSC decision is not unsubstantial or trivial. Thus, I cannot act further on it.

Petitioners cite a variety of cases that predate the enactment of Wis. Stat. §808.075 to argue that I can continue to act on topics not directly connected to the issue on appeal. It seems to me that §808.075 and *Madison Teachers, Inc.* make clear that those prior decisions are overruled or no longer apply. Section 808.075 is unambiguous. It prohibits my acting on anything but what that statute specifically authorizes, which does not include the merits review. Wis. Stat. §808.075(3). I must apply an unambiguous statute as written. *Owens-Illinois, Inc. v. Town of Bradley*, 132 Wis. 2d 310, 315, 392 N.W.2d 104 (Ct. App. 1986) ("When statutory language is unambiguous, we interpret the statute according to the plain meaning of the language.")

Petitioners argue that *Madison Teachers*, by referencing the Supreme Court's single cite to *In re Estate of Mayer* therein, confirms that the Supreme Court apparently recognized the principles from *In re Estate of Mayer* that a lower court can still conduct proceedings on issues not related to the issue on appeal continue to be controlling law post-808.075. *See* Dkt. 1145 at 7-8. Petitioners further rely on case law predating §808.075. I do not read this lone citation to *In re Estate of Mayer* as conveying the meaning Petitioners take from it. Unless the Supreme Court clarifies that I can continue to act on separate issues from the one currently on appeal even without a specific statute saying I may do so, I read §808.075 and *Madison Teachers, Inc.* as closing that door.

Even if I agreed with Petitioners, though, their argument still fails because Petitioners made clear they believe and intend to argue that the mere allegation of procedural defects affects the standard of review I apply on my review of the merits of the PSC decision. Thus, the merits review is connected to the bias issue before the Supreme Court and, thus, I am directly stripped of authority to act on the merits review.

I disregard Petitioners' argument that I should consider policy purposes when interpreting §808.075. "We first examine the plain language of the statute to determine if it clearly and unambiguously sets forth the legislative intent. If it does, we go no further in interpreting the statute." *Return of Prop. in State v. Perez*, 2001 WI 79, ¶14, 244 Wis. 2d 582, 628 N.W.2d 820 (Cleaned up). Because I find §808.075 unambiguous, I do not delve further into exploring policy reasons to interpret the unambiguous statute differently.

I also disagree with Petitioners' argument that my agreeing with the PSC and Co-Owners here will open the door for "non-parties to undermine and effectively freeze litigation on the merits of important issues of statewide importance by appealing interlocutory discovery orders that are unrelated to the merits of the case." Dkt. 1145 at 9. Interlocutory appeals are uncommon. As Justice Grassl Bradley put it, "This case is highly unusual, and worthy of this court's attention." Dkt. 1141 at 4. Unless the Court of Appeals or Supreme Court starts granting requests for interlocutory review frequently, this decision opens no floodgate for abuses.

Therefore, I hereby cancel the oral arguments scheduled for November 19, 2021. I will conduct no further proceedings until the Supreme Court concludes its review unless they are proceedings authorized by law for my consideration while appeal is pending. The law gives me no other choice here, even if strong policy reasons favor holding the merits review now.

## II. I DENY CO-OWNERS' MOTION FOR STAY OF MY DECISION GRANTING RELIEF PENDING APPEAL.

I also received and considered briefing on Co-Owners' Motion to stay my Order granting relief pending appeal. I deny that Motion, though I do appreciate the additional briefing. A stay pending appeal is appropriate if the moving party:

> (1) makes a strong showing that it is likely to succeed on the merits of the appeal;
> (2) shows that, unless a stay is granted, it will suffer irreparable injury;
> (3) shows that no substantial harm will come to other interested parties; and
> (4) shows that a stay will do no harm to the public interest.

*State v. Gudenschwager*, 191 Wis. 2d 431, 440, 529 N.W.2d 225 (1995).

As the Co-Owners point out, the first factor is different from the review I applied on the initial request for relief pending appeal filed by the Petitioners. Co-Owners explain:

> Despite having just evaluated several similar factors when ruling on DALC and WWF's motion for a temporary injunction, this Court cannot simply conclude that "there would not be any likelihood of success on appeal because it . . . already decided" that DALC and WWF's request for an injunction met similar standards. *Waity v. LeMahieu*, No. 2021AP802, at 7-8 (July 15, 2021). In *Waity*, the circuit court simply referenced its previous analysis in granting an injunction, and found that it did not constitute an adequate legal analysis for denying the movant's motion for a stay pending appeal. *Id.* at 9 (if that were the standard, "very few stays pending appeal would ever be entered, because almost no circuit court judge would admit on the record that he/she could have reached a wrong interpretation of the law.")

Dkt. 1137 at 4.

At oral argument and in my ruling, I may have improperly applied this factor by not viewing the likelihood of success from the perspective of an appellate court reviewing these filings. I correct that error now. I accept for purposes of this review that the Supreme Court is likely to disagree with some aspect of my prior decisions on the bias issue, meaning that the Co-Owners have a strong showing of a likelihood of success on appeal. However, I cannot find that the bias review will likely be stopped entirely.

Regardless, though this factor now favors Co-Owners-movants, the remaining factors still all strongly support and, on balance, require that I deny that request. As I explained in my oral ruling, incorporated herein, I disagree that the Co-Owners will suffer irreparable injury. The bond protects the Co-Owners from financial injury.

The only legitimate injury the Co-Owners might suffer is financial, which is by law not an irreparable injury. I reject the argument that the uncertainty whether Petitioners will ever afford the bond is a harm as not well explained or supported by law and as simply absurd. Co-Owners could avoid that uncertainty by voluntarily ceasing construction pending judicial review and thus eliminate their alleged harm.

However, Petitioners and the public stand to suffer significant harm if I stay my injunction granting relief pending appeal. The harm they will suffer is irreparable. Allowing construction to proceed while judicial review regarding the potentially unconstitutional bias of one of the PSC commissioners remains under review will almost certainly confuse the public, undercut faith and trust in the judicial system and the Chapter 227 review structure, and will irreparably harm the landowners affected if the line is built only to have the PSC decision remanded after the conclusion of judicial review.

I also reject the Co-Owner's arguments that the line is almost certain to be approved no matter what happens on the bias review. Even if that is true, process still matters. That the result may be the same after the statutory process is properly completed does not justify excusing a defective process. Statutes and the Constitution matter. The requirement for an impartial decision maker is paramount. Co-Owners' argument would effectively render judicial review of PSC decisions a nullity. I refuse to do so.

Therefore I deny the request to stay my October 18, 2021 decision enshrined in the October 26, 2021 Order.

cc: Parties